UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,

v.

SLICKWRAPS,

    Defendant.

_____/

CASE NO. 1:22-cv-1142

HON. ROBERT J. JONKER

**ORDER**

    This is one of ten lawsuits filed by Plaintiff, each of which alleges that the named defendant or defendants caused a data breach that injured him in some way.[1] Plaintiff is proceeding *in pro per* and *in forma pauperis*. He voluntarily dismissed one of his cases (1:22-cv-1200), and in each of the nine remaining cases, the Magistrate Judge has recommended dismissal under 28 U.S.C. § 1915(e)(2).

    Plaintiff has filed partial objections to the Report and Recommendation in this case. (ECF No. 21.) In particular, he does ***not*** object to dismissal of his federal claims, but he does object to the recommended dismissal of his state law claims, which are before the Court only on supplemental jurisdiction under 28 U.S.C. § 1367. He also seeks permission to file an amended complaint laying out additional facts and attempting to assert a claim under 15 U.S.C. § 45.

    The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 19) and Plaintiff's Objections to the Report and Recommendation (ECF No. 20). Under the

---

[1] The applicable case numbers are 1:22-cv-1128; 1:22-cv-1142; 1:22-cv-1170; 1:22-cv-1194; 1:22-cv-1200; 1:22-cv-1201; 1:22-cv-1203; 1:23-cv-101; 1:23-cv-143; 1:23-cv-187.

Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

After de novo review, the Court overrules plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.  The Court also finds that any attempted amendment would be futile.  Accordingly, the Court will enter Judgment dismissing the action in its entirety.  The dismissal of the state law claims is without prejudice and so plaintiff remains free to file those in state court if he so desires.

The Magistrate Judge accurately identifies the flaws in each of plaintiff's federal law claims.  And as noted, plaintiff does NOT object to dismissal of the federal claims.  He does seek permission to file an amended complaint that would add some additional facts, and that would attempt to add a new federal claim under 15 U.S.C. § 45.  But these proposed amendments would be futile as to the federal claims.  The flaws the Magistrate Judge identified in the federal claims were primarily legal in nature, and not based on lack of particular factual assertions.  And the claim plaintiff says he wants to add is under a provision of law that empowers the Federal Trade Commission to take action preventing unfair methods of competition; it does not authorize a

private lawsuit.  Without any viable federal claims, the Court exercises its discretion to decline supplemental jurisdiction over the state law claims under Section 1367(c)(3), as recommended by the Magistrate Judge.  Contrary to plaintiff's objections, this has nothing to do with his Article III standing, or the lack thereof.  Declining supplemental jurisdiction over state law claims leaves him free to pursue those claims in state court if he so desires.  For the very reasons the Report and Recommendation details, this Court agrees with the recommendations.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 19) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted.  Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE.**  Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss (ECF Nos. 11, 16, 18) and Plaintiff's Motion to Strike (ECF No. 20) are **DENIED AS MOOT**.  Plaintiff's Motion for Entry of Default (ECF No. 15) is **DENIED**.

The Court discerns no good-faith basis for appeal of this matter.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall issue.


Dated:   March 24, 2023              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE